### 10812

## SOUTHERN STATES LIFE INSURANCE CO. v. HODGES

### (110 S. E. 406)

1. Insurance—Agent's Contract Held Not Superseded by Subsequent Contract Making Change in Schedule of Commissions.— Contract whereby insurance company employed agent, providing for termination of agent's right to commission on renewals on termination of agency, and also for termination of contract by either party on 30 days' notice, was not superseded by subsequent contract making a change in the schedule of commissions without reference to termination of contract and right to renewals thereon.

2. Insurance—Company Could Terminate Agency Without Notice Provided For by Contract on Agent's Failure to Devote Time to Business.—Where insurance company's contract with agent provided

for termination of agency on 30 days' notice by either party, the company could terminate the agency without waiting for the 30 days, on agent's failure to devote his time to the insurance business.

3. Insurance—Company Could Put Other Agents in Territory Described in Agency Contract Not Providing for Exclusive Agency.—Where insurance company's contract with agent did not provide for an exclusive agency in the stipulated territory, the company had the right to put other agents in such territory.

4. Trial—Instruction That, if Jury Found Agent Acquiesced in Invasion of Territory, They Might Find Acquiescence Was a Waiver, Held Not on the Facts.—In insurance company's action against agent on promissory note, in which agent set up damages for a fraudulent breach of the contract of agency, instruction that, if insurance company invaded agent's territory, the jury, if they found that defendant acquiesced therein, might find that such acquiescence was a waiver, *held* not a charge on the facts.

5. Appeal and Error—Measure of Damages Not Considered Where There Was No Evidence of Damage.—Alleged errors as to measure of damages need not be considered where there was no evidence of any damage.

Before Whaley, J., County Court, Richland, May, 1921. Affirmed

Action by The Southern States Life Insurance Company against P. A. Hodges. Verdict for plaintiff and defendant appeals.

*Mr. D. W. Robinson,* for appellant, cites: *Allegations of fact sufficient on which to base a charge of fraud*: 96 S. C., 242; 110 S. C., 553; 111 S. C., 41. *And sufficient evidence to support the charges*: 105 S. C., 123; 1 Bail., 539. *And the requested instructions were proper*: 92 S. C., 392; 106 S. C., 206; 107 S. C., 369; 111 S. C., 45. *Prospective renewal commissions proper element of damage*: 105 S. C., 123; 111 S .C., 45; 101 S. C., 380. *Difficulty in fixing amounts does not preclude recovery*: 114 S. C., 535; 81 S. C., 184; 58 S. C., 378; 108 S. C., 475. *Contract may be modified or changed by later agreement*: 105 S. C., 120; 110 S. C., 426; 96 S. C., 289.

*Messrs. Melton & Belser,* for respondent, cite: *Fraud will not be presumed*: 12 R. C. L., 424. *Burden on him*

*who charges fraud*: Jones Ev., Sec. 192. *Plaintiff had right to terminate contract for non-performance*: 31 Cyc., 1301; Elliott Cont., 2049; 21 R. C. L., 824. *And to terminate right to renewals*: 105 S. C., 107; 84 S. C., 209; 21 R. C. L., 828. *Party may consent to modification of contract*: Ell Conts., Sec. 2050.

January 25, 1922.

The opinion of the Court was delivered by Mr. Justice Fraser.

This is an action on a promissory note given by the defendant to the plaintiff for money borrowed. The defendant admitted the execution of the note, but set up damages for a fraudulent breach of contract of agency.

The following appears in the case:

"In the trial of the case the plaintiff offered evidence of the note and the amount thereon. Defendant offered testimony in the support of the allegations of his further answer, defense, and counterclaim.

"A contract was offered in evidence, bearing date December 8, 1917, to take effect January 1, 1918, by which the defendant was made the agent and given permission to operate as agent in the counties of Lexington, Richland, Fairfield, Chesterfield, Marlboro, and Kershaw. A schedule of commissions on first year premiums and on subagents' business, together with a schedule with commissions on renewal premiums on insurance written up to nine years, is set out in the contract.

"The contract also provides, among other things: 'Should the special agent [and in the contract the defendant is called the special agent] ever voluntarily or involuntarily leave the services of the company, his interest in and claim to all commissions, renewals, or otherwise shall instantly terminate.' There is also a provision in the contract for terminating the agency for various causes, and the fol-

lowing provision for termination: 'Or by either party hereto upon thirty days' written notice.'

"There was also offered in evidence memorandum of agreement, Exhibit F, dated January 1, 1919, which is as follows:

" 'Exhibit F.

" 'P. A. Hodges.

" 'Memorandum of Agreement.

" 'In consideration of the issuance by The Southern States Life Insurance Company of policies on the 10 and 15 payment life plans and 10 and 15 year endowment plans on the non-participating basis, the undersigned agent is hereby authorized to solicit applications for same in accordance with the company's regulations, and the company agrees to pay the agent the following first year and renewal commissions, in accordance with the table and commissions hereunder on all business written on said plans as soon as policies are delivered and paid for in accordance with the terms of the contract now in force between the company and the agent, which rates of commission are hereby accepted by the agent:

" 'Table of Commissions.

| Form of Policy | | First year's Schedule | | |
| | | B | D | F |
| Nonpar. 15 Pay. Life | | 40% | 45% | 50% |
| "    10 Pay. Life | | 35 | 40 | 45 |
| "    15 Yr. End | | 25 | 30 | 35 |
| "    10 Yr. End | | 20 | 20 | 20 |

| Form of Policy | Renl. | | Com. Schedule | |
| | C | | | G |
| Nonpar. 15 Pay. Life | 5 for 5 Yrs. | | 5 for 9 Yrs. | |
| "    10 Pay. Life | " | " | " | " |
| "    15 Yr. End | " | " | " | " |
| "    10 Yr. End | " | " | " | " |

" 'Schedule B applies on all business paid for in any period of 12 months from date up to $100,000, Schedule D on all business paid for between $100,000 and $200,000, and Schedule F on all business paid for over $200,000. Schedule C applies on all business paid for in any period of twelve months from date up to $100,000, and Schedule G will be applicable on all business if in excess of $100,000.

" 'The agent on entering any increased schedule of commissions shall be paid the difference between such higher schedule and the amount he has already received on all business previously paid for during said twelve months.

" 'As witness the hands of the undersigned this 1st day of January, 1919.

" 'The Southern States Life Insurance Co.,

" 'Wilmer L. Moore, President.
" 'Frank Orme, Secretary.
" 'Accepted by P. A. Hodges, Agent.' "

The 30 days' notice was given by plaintiff. The jury found the full amount claimed by the plaintiff, and from the judgment entered upon this verdict the defendant appealed on six exceptions, but consolidates them in argument.

I. The first allegation of error is that the trial Judge erred in charging the jury that there was no evidence of fraud. There was no error in this. The record shows that there were two contracts. The first contract provides that either party could terminate the contract on 30 days' notice, and that at the termination of the contract the right to renewals should cease. The second contract merely refers to a change in commission, and does not purport to supersede the first contract; on the contrary, it provides:

"On all business written on said plans as soon as policies are delivered and paid for in accordance with the terms

of the contract now in force between the company and the agent."

This second contract not only does not abrogate the first contract; it confirms it, except as to those matters referred to therein. As a matter of law the plaintiff had the right to terminate the agency at pleasure without waiting for the 30 days.

Appellant complains that he was misled by the fact that the plaintiff urged a strenuous campaign for insurance, because of the benefits to be derived from renewal commissions. The contract was that a termination of the contract terminated the interest of the agent in renewal commissions. There is no statement, or any reasonable inference in the case, that this provision was waived.

It is further said that the plaintiff put other agents in defendant's territory. There is no provision for an exclusive agency. When another agent was put in Columbia, the plaintiff, although not bound to do so, was courteous enough to ask permission, and it was granted.

There was evidence, and not denied, that the defendant was not giving his time to the business, and, when complaint was made as to neglect of the company's business, the defendant replied:

"I hope by that time that it will be my pleasure to be in position to commence again actively in the insurance business."

Again:

"I hope to be in position at that time to sell insurance."

Again:

"I had intended to write insurance for you and still hope to do so during certain portions of this year."

There was no evidence of fraud, and no evidence of a violation of any legal rights.

II.  The next allegation of error is that his Honor the trial Judge charged the jury that, even if the plaintiff did invade the defendant's territory, yet, if they found that the defendant acquiesced in it, they might find this acquiescence was a waiver.

This was not a charge on the facts, and this assignment of error cannot be sustained.

III.  The measure of damages need not be considered.  There was no evidence of any damage.

IV.  The last assignment of error refers to the second contract and has already been considered.

The judgment is affirmed.